UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN R. DURSO, *et al.*,<br><br>Plaintiffs,<br><br>-v-<br><br>ARIMERBEN CO., *d/b/a Murray's Sturgeon Shop*,<br><br>Defendant. | : | 26 Civ. 4737 (JPC)<br><br>ORDER |

JOHN P. CRONAN, United States District Judge:

Plaintiffs filed the Complaint in this action on June 4, 2026. Dkt. 1. Defendant was served with a Summons and the Complaint on June 17, 2026, making its deadline to respond July 8, 2026. Dkt. 6. After Defendant failed to appear in the action, the Court issued an order (the "Extension Order") extending Defendant's deadline to appear and answer, ordering Plaintiffs to serve the Extension Order on Defendant, and giving Defendant until two weeks after Plaintiffs filed proof of such service on the docket. Dkt. 9. On August 31, 2026, Plaintiffs filed proof of service of the Extension Order, making Defendant's new deadline to respond September 14, 2026. Dkt. 10. Defendant still did not appear, and on September 17, 2026, Plaintiffs accordingly informed the Court that they intended to seek a Certificate of Default. Dkt. 11. On the same day, however, the Court ordered Plaintiffs to file a supplemental affidavit of service more clearly showing that Plaintiffs had adequately served Defendant. Dkt. 12. Plaintiffs responded by filing that supplemental affidavit on October 8, 2026. Dkt. 13. The next day, the Court authorized Plaintiffs to seek a Certificate of Default. Dkt. 14. On October 27, 2026, Plaintiffs sought a Certificate of Default, Dkt. 17, which the Clerk of Court issued on October 29, 2026, Dkt. 20.

By no later than November 16, 2026, Plaintiffs shall move for default judgment as to Defendant, in accordance with Local Civil Rule 55.2 and 3.D of the Court's Individual Rules and Practices for Civil Cases, or show cause why this case should not be dismissed for failure to prosecute. Under this Court's Individual Rules, Plaintiffs must serve their motion for default judgment and supporting paperwork on Defendant by November 16, 2026, and must file an Affidavit of Service on ECF by November 20, 2026. Defendant shall file any opposition to the motion for default judgment no later than December 4, 2026. Plaintiffs shall file any reply no later than December 11, 2026.

Upon a motion for default judgment, the Court must "accept[] as true all of the factual allegations of the complaint, except those relating to damages," and grant the plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). But the Court must also "determine whether the [Complaint's] allegations establish [Defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Accordingly, Plaintiffs' supporting brief shall explain why the Complaint states a claim with respect to each cause of action for which default judgment is sought, including by identifying how each element of the cause of action is satisfied by the well-pleaded allegations of the Complaint. Failure to do so may result in the denial of default judgment as to that cause of action.

In their supporting brief, Plaintiffs shall also explain why their service on Defendant was proper, as this Court "may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *E.g.*, *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, No. 17 Civ. 1585 (GHW), 2017 WL 3242331, at *2 (S.D.N.Y. July 28, 2017) (internal quotation marks omitted); *see also Aspex Eyewear, Inc. v. Cheuk Ho Optical Int'l Ltd.*, Nos. 00 Civ. 2389 (RMB), 01 Civ. 1315 (RMB), 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005) ("A default judgment

obtained by way of defective service is void *ab initio* and must be set aside as a matter of law. Plaintiff has the burden of demonstrating that service was proper." (internal quotation marks omitted)). Failure to do so, once again, may result in the denial of default judgment.

It is further ordered that Defendant appear and show cause at a hearing before this Court on December 18, 2026, at 2:00 p.m., why an order should not be issued granting a default judgment against Defendant. That hearing shall take place telephonically. At the scheduled time, counsel for all parties should call (855) 244-8681, access code 2302 755 2307. In the event that Defendant does not appear, Plaintiffs' counsel should be prepared to discuss any communications with Defendant or representatives for Defendant regarding their litigation and any intent to challenge the suit, including discussions about the alleged illegal conduct prior to the filing of the lawsuit; how Defendant was served with the Summons and Complaint and this Order; why Plaintiffs' counsel is confident that Defendant has been served with those documents and has notice of the hearing; and the method for calculating damages. In the event that Defendant appears in this action and opposes the motion for default judgment prior to the scheduled court appearance on December 18, 2026, that court appearance shall also serve as an Initial Case Management Conference pursuant to 5.B of the Court's Individual Rules and Practices in Civil Cases.

Plaintiffs shall serve Defendant via overnight courier with a copy of this Order within one week of the date of this Order. Within two business days of service, Plaintiffs must file proof of such service on the docket.

SO ORDERED.

Dated: October 30, 2026
New York, New York

JOHN P. CRONAN
United States District Judge